IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff, | ) | JUN 29 2001 |
| v. | ) No. | Phil Lombardi, Clerk |
| | ) | U.S. DISTRICT COURT |
| BLACK, SIVALLS & BRYSON (UK) LTD., a United Kingdom Corporation, | ) ) ) | **01 CR 71 K** |
| Defendant. | ) | |

**PLEA AGREEMENT**

The United States of America, by Thomas Scott Woodward, United States Attorney, Neal B. Kirkpatrick and R. Richard Love III, Assistant United States Attorneys, and Robert E. Wallace, Jr., Special Assistant United States Attorney, and the defendant, Black, Sivalls & Bryson(UK)Ltd., a United Kingdom corporation (hereafter, "BS&B(UK)," in person and through its counsel, William Coffield, Esq., respectively, inform this honorable Court that they have reached the following plea agreement, pursuant to the provisions of Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure:

**(A)  DEFENDANT'S OBLIGATIONS**

    **(1)  Plea**

    (a)  The defendant BS&B(UK) agrees to enter its plea of guilty to the attached Criminal Information to be filed in the United States District Court for the Northern District of Oklahoma of

1



Oklahoma, and admits to being in fact guilty as charged in the single count to which defendant is pleading guilty.

**(2)   Waiver of Constitutional Rights**

(a)   Defendant BS&B(UK) understands that by pleading guilty, the following constitutional rights will be relinquished: the right to be indicted if proceeding by Information, the right to plead not guilty, the right to be tried by a jury, or if the defendant wishes and with the consent of the government, to be tried by a judge. At that trial, the defendant would have the right to an attorney and if the defendant could not afford an attorney, the Court would appoint one to represent it. The defendant would have the right to assist in the selection of the jury. During the trial, the defendant would be presumed innocent and a jury would be instructed that the burden of proof is on the government to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict. The defendant would have the right to confront and cross-examine witnesses against it. If desired, the defendant could present witnesses in defendants' defense. If the defendant was found guilty after a trial, it would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges. By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that questions posed to it by the Court both

about the rights that the defendant will be giving up and the factual basis for the defendant's pleas, may have to be answered.

    **(b)   Appellate Waiver:**

**ASSUMING THIS PLEA AGREEMENT, INCLUDING ITS AGREED-UPON DISPOSITION OF THE CHARGE, IS ACCEPTED BY THE COURT HEREIN IN ITS ENTIRETY, THE DEFENDANT, BS&B(UK), AGREES TO WAIVE ALL APPELLATE RIGHTS, INCLUDING ANY AND ALL COLLATERAL ATTACKS, SAVE AND EXCEPT CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AND ISSUES RELATING TO SENTENCING.**

    **(c)   Waiver of Improper Venue**

For purposes of this agreement only, and assuming this Plea Agreement is accepted by the Court herein in its entirety, the Defendant, BS&B(UK), agrees to waive any claims that venue for the above-styled criminal Information filed herewith is improper. Should the plea embodied in this agreement be withdrawn under Federal Rule of Criminal Procedure 11 or otherwise, the waiver of improper venue claims herein is null and void.

    **(3)   Special Assessment**

Defendant BS&B(UK) hereby agrees to pay the total amount required for the Special Monetary Assessment ($400 per felony count) to the United States District Court Clerk, before the time of the sentencing hearing or as directed by the District Court.

3

**(4)  Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict the defendant of criminal violations of the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701 et seq, are as follows:

Defendant BS&B(UK), did knowingly and willfully cause the export of goods to the Islamic Republic of Iran, which conduct constituted a single violation of Title 50, United State Code, Section 1701 et seq, actionable under Title 31, Code of Federal regulations, Section 560, and Title 15, Code of Federal Regulations Section 764(b)(2), as well as Executive Order 12959 of May 9, 1995 and Executive Order 12924 of August 19, 1994, extended by Presidential Notice of August 15, 1995, prohibiting certain transactions with respect to Iran, and continuing in force the Export Administration Regulations; and that Defendant BS&B(UK) did so without proper authorization.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(f), the defendant BS&B(UK) admits that by its deliberate indifference to the laws of the United States it knowingly and wilfully committed the acts constituting the crime alleged in the Criminal Information attached hereto, and confesses to the Court that the defendant is in fact guilty of such crime.

**(5)  Bond for Payment of Fines**

To secure the payment of the criminal fine described in Section C below, BS&B(UK) agrees to acquire within thirty days from the entrance of the plea or at the time of sentencing, which ever first occurs, a payment bond in the amount of $448,000.00 in favor of the United States.  Said bond shall remain in effect until the criminal fine is paid in full. Said bond shall be acquired from a bonding company acceptable to the United States.

**(6) Representation of Capacity to Execute Plea Agreement**

The undersigned counsel for BS&B(UK) represents that he has fully informed and advised the Board of Directors and shareholders of BS&B(UK) of all matters relevant to this plea agreement, and all rights given up by BS&B(UK) pursuant to this plea agreement. Further, the undersigned counsel for defendant BS&B(UK) is informed and believes that the Board of Directors and shareholders have received independent legal advice regarding this Plea Agreement, and its consequences.  The undersigned has been authorized by said Board of Directors and shareholders to accept this plea agreement on behalf of BS&B(UK) and to enter the plea on behalf of BS&B(UK) in the U.S. District Court for the Northern District of Oklahoma. The undersigned will fully disclose this advice and authorization to the Court _ex parte_ and _in camera_ at the appropriate time, so that the Court may satisfy itself as to the voluntary nature of this plea.

**(B)   THE GOVERNMENT'S OBLIGATIONS**

Only if the defendant BS&B(UK) fully satisfies all obligations outlined in this pleading, the government agrees:

**(1)   Further Prosecution**

It shall not initiate additional criminal charges against defendant BS&B(UK), its current or former officers, shareholders, directors, agents, attorneys or employees, acting in their official capacities; and any affiliated entities of defendant BS&B(UK), and their current or former officers, shareholders, directors, agents, attorneys or employees, acting in their official capacities, that as of the date of the defendant BS&B(UK)'s acceptance of this agreement, are known to the government and arise from its investigation of the defendant's actions and conduct giving rise to the instant Information, including the criminal investigation currently being conducted by the United States Department of Commerce and/or the United States Department of the treasury, or any division thereof.  The defendant understands, however, that this obligation is subject to all "Limitations" set forth below and that this Office is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government during its investigation or occurring after the date of this agreement.

**(C) SENTENCE**

**(1) Statutory**

Defendant BS&B(UK) acknowledges that the maximum statutory sentence for a violation of the International Emergency Economic Powers Act, 50 U.S.C. §§ 1702, 1705, is as set forth in 18 U.S.C. § 3571(c)(3), which provides for a fine not to exceed $500,000 for a corporation which has been found guilty of a felony offense.

Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a specific sentence of a criminal fine in the amount of $448,000, and a $400 special monetary assessment, is the appropriate resolution in this case. Further, the parties agree that, in addition to said criminal fine amount, there is an additional $52,000 amount to be paid in settlement of civil proceedings related to this Plea Agreement. Thus, the total amount to be paid to the United States is $500,000, of which the payment of the criminal fine described herein is to be secured by the bond provided for herein above, and shall be paid in yearly installments of $44,800.00, except that the United States agrees to forgive $22,400.00 of the last yearly installment in consideration of BS&B(UK)'s agreement to acquire a payment bond.

**(2) Guidelines**

The parties agree that the specific sentence set forth above, which the parties agree is the appropriate disposition of this case

7

pursuant to Rule 11 (e)(1)(C), of the Federal Rules of Criminal Procedure, is a sentence in conformity with the Sentencing Guidelines discussed in this paragraph. BS&B(UK) is aware that the sentence imposed in a criminal case shall be in conformity with the Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, at 18 U.S.C.§§ 3551 through 3742, and 28 U.S.C. §§ 991 through 998. Pursuant to Rule 11(e)(1)(C), the Court will decide whether to accept or reject this Plea Agreement, and the Court will only be bound by the agreed-upon sentence set forth in this Plea Agreement if the Court decides to accept the Plea Agreement.

The defendant BS&B(UK) understands that if the sentencing court rejects this Plea Agreement, made pursuant to the provisions of Rule 11(e)(1)(C), Federal Rules of Criminal Procedure, the defendant shall have the right to withdraw its guilty plea, as set forth in Rule 11(e)(4), and the defendant's guilty plea cannot then be used against defendant as set forth in Rule 11(e)(6).

Nothing in the plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The United States reserves its full right of

allocution pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.

THE DEFENDANT BS&B(UK) FURTHER UNDERSTANDS THAT THE SENTENCE TO BE IMPOSED UPON THE DEFENDANT WILL BE DETERMINED SOLELY BY THE SENTENCING JUDGE, EXCEPT AS PROVIDED BY RULE 11(e)(1)(C) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE. THE UNITED STATES CANNOT AND DOES NOT MAKE ANY PROMISE OR REPRESENTATION AS TO WHAT SENTENCE THE DEFENDANT WILL RECEIVE.

**(3) Stipulations**

(a) The parties stipulate that the recommended disposition herein is appropriate under the United States Sentencing Guidelines, as the applicable Guidelines provision which would govern the fine to be imposed by the Court is the alternative fine provision, Title 18, United States Code, Section 3571(c)(3), which provides for a fine of not more than $500,000.00 for a corporation found guilty of a felony offense. The parties agree that the Court may, at its discretion, additionally impose a term of probation, not to exceed five years.

(b) Having been fully apprized by defense counsel of defendant BS&B(UK)'s right to seek compensation pursuant to Public Law 105-119 ("the Hyde Amendment"), the defendant BS&B(UK), and its current or former officers, shareholders, directors, agents, attorneys or employees, acting in their official capacity, and any

9

affiliated entities, and the current or former officers, shareholders, directors, agents, attorneys or employees, acting in their official capacity of any such affiliated entities of defendant BS&B(UK), **WAIVE** any and all such right.

**(D)   LIMITATIONS**

This Plea Agreement shall be binding and enforceable upon the U.S. Department of Justice, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the trustee in bankruptcy.

**(E)   BREACH OF AGREEMENT**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party

10

shall be required to establish any breach by a preponderance of the evidence.

In the event that BS&B(UK), after entry of its plea of guilty, unsuccessfully attempts to withdraw its plea of guilty, and assuming that the Court accepts this Rule 11(e)(1)(C) plea, the United States may continue to enforce the agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

**(F)  CONCLUSION**

No agreements, representations, or understandings have been made between the parties in this case, other than those which are explicitly set forth in this Plea Agreement (save and except settlement agreements, if any, involving administrative claims) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED at Tulsa, Oklahoma this _29th_ day of _June_, 2001.

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY


By:

*[signature]*
NEAL B. KIRKPATRICK
Assistant U.S. Attorney

*[signature]* -for-
R. RICHARD LOVE, III
Assistant U.S. Attorney

*[signature]* -for-
ROBERT E. WALLACE, JR.
Senior Trial Attorney
Internal Security Section
Criminal Division
United States Department of Justice
Special Assistant U.S. Attorney


*[signature]*
WILLIAM COFFIELD
Attorney for Defendant BS&B(UK)